UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HATTIE YELDELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:12-cv-1908-M |
| GEOVERA SPECIALTY INSURANCE COMPANY and STEPHANIE ALLCORN, | § § § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Remand, filed by Plaintiff Hattie Yeldell ("Plaintiff") [Docket Entry #5].  For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action concerns a dispute over the Defendants' handling of an insurance claim filed by Plaintiff for property damage.  On May 17, 2012, Plaintiff, a citizen of Texas, filed a civil action in Texas state court against GeoVera Specialty Insurance Company ("GeoVera"), a citizen of California, and Stephanie Allcorn ("Allcorn"), a citizen of Texas.  Pl.'s Original Pet., Ex. B to Notice of Removal, at 1–2. [Docket Entry #1].   In her Petition, Plaintiff alleges that GeoVera failed to compensate her for the full value of damage Plaintiff's property sustained during a wind and hailstorm that took place on April 11, 2011.  *Id*. at 2–7.  Plaintiff also filed suit against Allcorn, the insurance agent for GeoVera in charge of handling Plaintiff's insurance claim. *Id*. at

3. Plaintiff asserts the following causes of action against both GeoVera and Allcorn: breach of the duty of good faith and fair dealing, violation of Sections 541 and 542 of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act, fraud, conspiracy, and aiding and abetting the commission of a tort. *Id.* at 3–15. Plaintiff also asserts the following causes of action against only Allcorn: negligence, gross negligence, and negligent misrepresentation. *Id*. at 16–17.

On June 19, 2012, GeoVera removed the case to this Court, claiming federal diversity jurisdiction. Def.'s Notice of Removal ¶ 6. GeoVera alleges that there is complete diversity of parties, despite the fact that Allcorn is a citizen of Texas, because Allcorn was improperly joined, and therefore her citizenship should be disregarded for diversity purposes. *Id.* ¶ 9. On June 28, 2012, Plaintiff moved to remand, arguing that Plaintiff properly joined Allcorn as a Defendant, and thus, there is not complete diversity among the Defendants, rendering remand proper. Pl.'s Mot. to Remand ¶ 8. The issue before the Court is whether Allcorn, a Texas citizen, was properly joined in the lawsuit, thereby defeating diversity jurisdiction.

## II.   APPLICABLE LAW

A defendant has the right to remove a case to federal court when federal jurisdiction exists, and the removal procedure is properly followed. 28 U.S.C.A § 1441 (Supp. 2012). The removing party bears the burden of establishing that a state court suit is properly removable to federal court. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n.25 (5th Cir. 2000). Doubts about the propriety of removal are to be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C.A. § 1332, an action "may not be removed if any of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought." 28 U.S.C.A. § 1441(b) (Supp. 2012). A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was fraudulently or improperly joined.[1] *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). "The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts; or (2) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Only the latter ground is at issue here. When determining whether a plaintiff is able to establish a state claim against a non-diverse party, the court inquires whether there is any reasonable basis for the court to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* at 573. To make that determination, the court generally conducts a Fed. R. Civ. P. 12(b)(6)-type analysis, looking initially at the allegations of the petition to determine whether the petition states a claim under state law against the in-state defendant. *Id.* All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

---

[1] There is no substantive difference between the terms "improper joinder" and "fraudulent joinder," but the use of the term "improper joinder" is preferred by the Fifth Circuit. *Jonhson v. Zurich Am. Ins. Co.*, No. 3:11-cv-0344-P, 2011 WL 3111919, at *1 n.2 (N.D. Tex. June 29, 2011) (Solis, J.) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 n.1 (5th Cir. 2004) (en banc) ("We adopt the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred.")).

  a. Applicability of the Federal or Texas Pleading Standard

As a threshold issue in this case, this Court must decide if it should look to the federal or state pleading standard to determine whether a plaintiff can state a claim for relief against an in-state defendant. The Fifth Circuit has not directly addressed the issue in a published opinion, and this District is divided, with some of its judges applying the federal pleading standard in this analysis. *Helm v. Moog Inc.*, No. 4:11-cv-109-Y, 2011 WL 3176439, at *2 (N.D. Tex. July 27, 2011) (Means, J.) (using the federal pleading standard in the improper joinder analysis); *Mugweni v. Wachovia Corp.*, No. 3:08-cv-1889-G-BF, 2011 WL 2441255, at *2 (N.D. Tex. April 19, 2011) (Stickney, Mag. J.) (same), *accepted by* 2011 WL 2441838 (N.D. Tex. June 17, 2011) (Fish, J.); *Sahinkaya v. Travelers Indem. Co.*, No. 3:10-cv-0717-B, 2010 WL 3119423, at *3 nn.3–4 (N.D. Tex. Aug. 5, 2010) (Boyle, J.) (same).

On the other hand, the Fifth Circuit, in an unpublished decision, along with some judges in this District, have applied the Texas "fair notice" pleading standard in the improper joinder analysis. *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F.App'x. 533, 537–38 (5th Cir. 2005) (Reavley, J.) (unpublished opinion) (applying Texas's notice pleading standard to factual allegations of removed complaint in improper joinder analysis); *Durable Specialties, Inc. v. Liberty Ins. Corp.*, No. 3:11-cv-739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011) (Lindsay, J.) (applying Texas's "fair notice" standard after finding the Fifth Circuit's application of the state pleading standard in *De La Hoya* to be logical); *Smith v. Shred-It USA*, No. 3:10-cv-831-O-BK, 2010 WL 3733902, at *2–3 (N.D. Tex. Sept. 23, 2010) (O'Connor, J.) (noting that the focus in improper joinder cases is on the plaintiff's possibility of success in state court and distinguishing cases that applied the federal pleading standard in the improper joinder analysis); *Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3:11-cv-971-O-BK, 2012 WL 176572, at

\*3–4 (N.D. Tex. Jan. 6, 2012) (Toliver, Mag. J.) (noting disagreement among judges in this District as to whether the federal or state pleading standard applied, but ultimately applying the state pleading standard in improper joinder analysis), *accepted by* 2012 WL 195016  (N.D. Tex. Jan. 23, 2012) (O'Connor, J.).

For purposes of the improper joinder inquiry, this Court finds that the assessment of the sufficiency of the factual allegations should be reviewed under Texas's "fair notice" pleading standard, not the heightened federal pleading standard.  Although the Fifth Circuit's decision in *De La Hoya* is unpublished, its application of the state pleading standard is entirely logical in the context of a removal action. *See De La Hoya*, 125 F.App'x at 537–38.  As Judge Lindsay noted in *Durable Specialties, Inc.*, "[w]hen a party files suit in a Texas [state] court, such party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system." 2011 WL 6937377, at \*5.  This Court agrees that "[f]undamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *See id.*  Thus, this Court holds that the Texas "fair notice" pleading standard applies to factual allegations of the removed petition in an improper joinder analysis. *See De La Hoya*, 125 F.App'x at 537–38.

          b.  Texas "Fair Notice" Pleading Standard

Under the Texas Rules of Civil Procedure, a pleading can contain legal conclusions as long as fair notice to the opponent is given by the allegations as a whole. Tex. R. Civ. P. 45(b). The state court liberally construes a plaintiff's petition in the plaintiff's favor. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.—Austin, 1996, no writ).  Moreover, the court will look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can reasonably be inferred from

what the plaintiff specifically stated. *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi, 1993, writ denied).

### III. ANALYSIS

Plaintiff has moved for remand, arguing that this Court lacks diversity jurisdiction because Allcorn is a resident of Texas.[2] The parties do not dispute that the amount-in-controversy requirement has been met and do not dispute the domicile of the parties. 28 U.S.C.A. § 1332(a) (Supp. 2012). The issue before the Court is whether Defendants have carried their burden of showing that there is no reasonable basis on which the Court can predict that Plaintiff might recover against Allcorn.[3] *See Smallwood*, 385 F.3d at 573. If Defendants fail to meet the "heavy" burden of establishing that Allcorn was joined improperly, the Court must remand the action to state court. *See Travis*, 326 F.3d at 649.

Plaintiff's Petition brings some claims only against GeoVera, some claims only against Allcorn, and some claims against both Defendants. The factual allegations in Plaintiff's Petition against Allcorn are as follows: (1) GeoVera assigned Allcorn to adjust the claim; (2) Allcorn misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence; (3) Allcorn failed to attempt to settle Plaintiff's claim in a fair manner; (4) Allcorn failed to explain to Plaintiff the reasons for GeoVera's offer of an inadequate settlement, specifically, she failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made; (5) Allcorn failed

---

[2] GeoVera did not have to provide written consent to removal from Allcorn. A removing defendant need not obtain the consent of a defendant it alleges was improperly joined. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (In cases involving alleged improper or fraudulent joinder of parties, requiring the written consent of "improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

[3] The parties do not dispute that Texas law recognizes a cause of action against an insurance adjuster for violations of the Texas Insurance Code and for common law fraud. *See, e.g., Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

to affirm or deny coverage within a reasonable time, specifically, failed to perform a reasonable investigation; (6) Allcorn knowingly or recklessly made false representations as to material facts; and (7) the storm damaged Plaintiff's property and further damages have been caused as a direct result of Allcorn's mishandling of Plaintiff's claim in violation of the Texas Insurance Code. Pl.'s Original Pet., Ex. B to Notice of Removal, at 2–17.

Defendants argue that Allcorn was improperly joined because Plaintiff's Petition only recites statutory language from the Texas Insurance Code and fails to allege any *facts* that could support liability for the causes of action Plaintiff alleges against Allcorn. The Court disagrees. Texas's pleading standard is simply one of "fair notice" and thus, is more relaxed than its federal counterpart. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Under Texas's "fair notice" pleading standard, Plaintiff's Petition alleges sufficient facts against Allcorn. *See id.* Plaintiff's Petition alleges that the property was damaged, that Allcorn was tasked with handling the insurance claim, and that Allcorn failed to fulfill this task in the manner required by the Texas Insurance Code. Pl.'s Original Pet., Ex. B to Notice of Removal, at 2–17. Moreover, Plaintiff alleges that Allcorn mishandled the claim in several specific ways. *Id.* Plaintiff's allegations, if proven true, would create a *reasonable possibility* that Plaintiff could prevail in her claims against Allcorn under Texas law. *See Smallwood*, 385 F.3d at 573. Defendants have not provided any evidence showing that recovery against Allcorn would be unlikely. *See Jimenez v. Travelers Indem. Co.*, No. H-09-cv-1308, 2010 WL 1257802, at *4 (S.D. Tex. March 25, 2010) (denying remand where the in-state adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, No. H-09-cv-1728, 2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-cv-015, 2007 WL 2300331, at *5 (S.D.

Tex. Feb. 20, 2007) (denying remand where the defendant presented deposition testimony by the plaintiff that the in-state defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion").

Because the court must consider all allegations in the state court petition in the light most favorable to the plaintiff, *see Guillory,* 434 F.3d at 308, this Court cannot conclude that there is *no reasonable basis* to predict that Plaintiff might recover under at least one cause of action asserted against Allcorn.[4] Remand is therefore appropriate. This result is consistent with recent opinions from this District with similar facts and claims.[5] *See, e.g.*, *Shioleno Indus., Inc.*, 2012 WL 176572, at *5–6 (granting remand because Plaintiff's allegations provided sufficient factual allegations under Texas's fair notice standard for recovery against defendant adjuster); *Jonhson v. Zurich Am. Ins. Co.*, No. 3:11-cv-0344-P, 2011 WL 3111919, at *3–4 (N.D. Tex. June 29, 2011) (Solis, J.) (recognizing that independent insurance adjusters may be liable under the Texas Insurance Code and granting remand because plaintiff's factual allegations state a plausible claim for plaintiff to recover against the defendant insurance adjuster).

## IV. CONCLUSION

The Court concludes that Defendants have failed to carry their "heavy" burden of establishing improper joinder of Allcorn. This Court does not have subject matter jurisdiction over this case. Accordingly, Plaintiff's Motion to Remand is **GRANTED**, and this case is

---

[4] While perhaps not specific enough to survive a Federal Rule of Civil Procedure 12(b)(6) motion, these factual allegations are sufficient under Texas's more lenient "fair notice" standard because Plaintiff's Petition gives adequate notice to Defendants of her claims against them, considering the allegations as a whole. *See* Tex. R. Civ. P. 45(b). Moreover, because Texas's fair notice pleading standard applies, Defendant's argument that Plaintiff failed to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) is irrelevant. Moreover, the Court must find only that Plaintiff can plead *at least one* cause of action against Allcorn, and need not decide whether Plaintiff has sufficiently pleaded each cause of action against Allcorn.

[5] The Southern District of Texas has also reached a result consistent with this Order when faced with substantially similar pleadings and allegations. *See Harris v. Allstate Tex. Lloyd's*, No. H-10-0753. 2010 WL 1790744, at *2–5 (S.D. Tex. April 30, 2010) (Sim Lake, J.) (reaching the same conclusion when faced with nearly identical pleadings and allegations regarding an insurance dispute arising from Hurricane Ike, while not expressly applying either state or federal pleading standard).

**REMANDED** to the 116th Judicial District Court of Dallas County, Texas for further proceedings.

    **SO ORDERED**.

    Dated: November 8, 2012.

                                                _____
                                                BARBARA M. G. LYNN
                                                UNITED STATES DISTRICT JUDGE
                                                NORTHERN DISTRICT OF TEXAS